IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § § | CASE NO. 17-33190 |
| ROSA M. VASQUEZ DEBTOR(S) | § § § § | CHAPTER 13 |

**RESPONSE TO OBJECTION TO CLAIM OF THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A. AS SUCCESSOR-IN-INTEREST TO ALL PERMITTED SUCCESSORS AND ASSIGNS OF JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR SPECIALTY UNDERWRITING AND RESIDENTIAL FINANCE TRUST MORTGAGE LOAN ASSET-BACKED CERTIFICATES, SERIES 2005-BC4/NATIONSTAR MORTGAGE, LLC, CLAIM NO. 4**

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

Nationstar Mortgage LLC as servicing agent for THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A. as successor-in-interest to all permitted successors and assigns of JPMorgan Chase Bank, National Association, as Trustee for Specialty Underwriting and Residential Finance Trust Mortgage Loan Asset-Backed Certificates, Series 2005-BC4 (hereinafter referred to as "Nationstar") generally denies each and every allegation contained in the Debtor's Objection to Claim filed on April 10, 2018 at doc. no. 67 (the "Objection") except for those expressly admitted herein. Nationstar is not responding to statements that it has identified as legal conclusions or non-factual. However, if it is deemed that responses are required to the statements Nationstar has identified as legal conclusions or non-factual, Nationstar denies them. The numbered paragraphs in this section of the answer correspond with the paragraphs and titles in the Objection.

1.   Nationstar admits the allegations in Paragraph 1 of the Objection regarding the Proof of Claim that is the subject of this Objection and Response.

2.   Nationstar generally denies all of the allegations contained in Paragraph 2 of the Objection and would further respond in accordance with the causes of action presented in the Objection.

**I.   INACCURATE ARREARS**

Nationstar denies that the loan history is incorrectly completed but cannot speak to the Debtor's personal records. Nationstar denies that the loan history form "double-dips" escrow and would further show the Court.

This loan was contractually due for the February 1, 2015 mortgage installment as of the time of petition as evidenced by the contractual due date showing in Column F:

| 5/25/2017 | | | $ | (15.00) | Property Inspection Fee | 2/1/2015 | $ 20,974.92 |
|---|---|---|---|---|---|---|---|

When reviewing the transaction description on the loan history on this date (*See* Page 10 of Proof of Claim 4-1), Column B, the contractual payment is shown as $749.10. This amount represents only the principal and interest portion of the payment; it does not contain an escrow component:

| 2/1/2015 | $ 749.10 | | | Delinquent P&I Payment Due | 7/1/2013 | $ 19,625.84 |

All delinquent payments owed by the Debtor are reflected on the transaction history as principal and interest only. This is contrasted with the payments that were previously made by the Debtor, which included escrow:

| 3/1/2011 | $ 1,220.78 | | | Monthly Mortgage Payment Due | 7/1/2010 | |

The ending balance in Column G consists of only principal and interest payments that have been missed by the Debtor. As stated above, the Debtor was due for the February 2015 mortgage installment when she filed for bankruptcy on May 25, 2017 (28 missed payments). These 28 missed payments consist of 16 principal and interest payments in the amount of $749.10 and 12 principal and interest payments in the amount of $749.11. The total amount of principal and interest owed for these missed payments is $20,974.92 ((16*$749.10 = $11,985.60) + (12*$749.11=$8,989.32)). Therefore, the ending balance in Column G should match Part 3 as it only contains the principal and interest.

| Part 3: Arrearage as of Date of the Petition | |
|---|---|
| Principal & interest due: | $20,974.92 |

Nationstar has not engaged in "double-dipping" as the escrow portion of the payment is not included for all delinquent payments owed and the calculations in Column G and Column O stand as correct.

II. **IMPERMISSIBLE FEES CHARGED AND REQUEST FOR PROOF OF ITEMIZED FEES, EXPENSES AND CHARGES PURSUANT TO FED. R. BANKR. P. 3001(C)(2)(C)**

Nationstar denies that they are required to attach itemized statements for fees and charges pursuant to Fed. R. Bankr. P 3001(c)(2)(C). The text of this Rule requires a creditor to file the appropriate Official Form Attachment and an escrow account statement prepared as of the date of the petition, if applicable. Nationstar has complied with this Rule fully. *See* pages 6-12 and 45-49 of Proof of Claim 4-1.

Nationstar would further show the Court that the late fees and property inspection fees that are shown as examples in this portion of the Objection are not included in the Proof of Claim fees and costs due calculation. The total amount of fees and costs included in the Proof of Claim is $1,810.00. A summary of the fees that are included

in the Proof of Claim is as follows:

| Description of Fee | Amount of Fee | Invoice or Effective Date | Advance Date | Exhibit |
|---|---|---|---|---|
| BK/MFR Fee | $850.00 | 11/20/2014 | 12/23/2014 | A |
| POC Fees | $150.00 | 2/13/2013 | 8/22/2013 | B |
| POC Fees | $150.00 | 7/17/2013 | 8/16/2016 | C |
| Title Examination | $190.00 | 10/24/2016 | 11/25/2016 | D |
| Title Examination/ Service of Posting | $75.00 | 12/10/2011 | 7/8/2013 | E |
| Title Examination | $280.00 | 10/6/2011 | 7/8/2013 | F |
| Record NOD | $16.00 | 6/21/2013 | 11/5/2013 | G |
| Property Inspection | $15.00 | 5/8/2017 | 5/10/2017 | H |
| Property Inspection | $24.00 | 11/11/2016 | 12/9/2016 | I |
| Property Inspection | $15.00 | 9/30/2016 | 10/6/2016 | J |
| Property Inspection | $15.00 | 8/4/2016 | 8/12/2016 | K |
| Property Inspection | $15.00 | 2/28/2015 | 3/19/2015 | L |
| Property Inspection | $15.00 | 1/29/2015 | 2/12/2015 | M |

Total:            $1,810.00

A copy of each invoice itemizing the fees and costs that are included above are attached hereto as Exhibits A – M and incorporated herein. No late charges that may have been assessed to the Debtor were included in the Proof of Claim.

While the fees that are shown as examples in the Objection are included on the 410 Attachment A, they are not being charged against the Debtor. The 410 Attachment A is the full and complete transaction history of the loan as required by the Federal Rules of Bankruptcy Procedure and the Southern District of Texas Local Rules. This transaction history mirrors Nationstar's system of record. For the fees included on the transaction history that are not listed above, they have been waived by Nationstar so as to not be charged against the Debtor. Below are examples of the fee or charge being assessed in the system of record and later waived by Nationstar. The waiver may not always immediately follow the fee or charge on the transaction history as the waiver occurred later in the system of record. As stated above, the transaction history appears exactly as the system of record shows:

| Date | | | Amount | Description |
|---|---|---|---|---|
| 7/16/2013 | | | $ 37.46 | ZZZZF-Late Charges |
| 7/16/2013 | | | $ (37.46) | NON CASH FEE ADJ |

| Date | | | Amount | Description |
|---|---|---|---|---|
| 7/8/2013 | | | $ 66.00 | Property Inspection Fee |

| Date | | | Amount | Description |
|---|---|---|---|---|
| 7/21/2015 | | | $ (66.00) | Property Inspection Fee |

| | | | | |
|---|---|---|---|---|
| 7/8/2013 | | $ | 15.00 | Property Inspection Fee |
| 7/8/2013 | | $ | 15.00 | Property Inspection Fee |
| 3/23/2015 | | $ | (30.00) | Property Inspection Fee |
| 7/5/2013 | | $ | 149.82 | ZZZZF-Late Charges |
| 12/5/2014 | | $ | (149.82) | NON CASH FEE ADJ |

The Debtor has specifically stated that Movant has violated the terms of the Note regarding the calculation of late fees as shown by the $149.82 late fee above. This was not a single late fee charged to the Debtor, but four (4) separate late fees that were onboarded as a lump sum transaction.

When viewing Column P of the Proof of Claim "Fees/Charges balance", the amount of fees that have been assessed and then waived is properly calculated. A reviewer is able to see where the fees or charges were incurred and then subsequently waived by examining the running total:

| |
|---|
| $ 954.28 |
| $ 916.82 |
| $ 767.00 |
| $ 767.00 |
| $ 767.00 |

(Page 9)

| |
|---|
| $ 1,937.38 |
| $ 1,825.00 |
| $ 1,810.00 |

(Page 12)

Furthermore, the loan was transferred to Nationstar on July 5, 2013. There are numerous transactions around that date because of when the loan was onboarded into Nationstar's system of record from Bank of America. Nationstar denies that it has violated Fannie Mae's servicing rules as the examples shown in the Objection are not the incurred date of those activities; they are the dates the fees were input into Nationstar's system of record after the service transfer.

Finally, Debtor contends that Nationstar improperly included an $850.00 attorney fee for a Motion for Relief from the Debtor's prior bankruptcy case. No motion for relief was filed in the Debtor's prior case, but the loan was referred to counsel for a motion for relief. This invoice is included with the fee and charges invoices as described above. Exhibit A is the invoice from Weinstein & Riley P.S. for work completed in connection with a motion for relief. This fee was not imagined, but was included pursuant to the invoice from Weinstein & Riley P.S.

### III. MISCALCULATED INTEREST FOR TOTAL DEBT CALCULATION

Nationstar denies the allegations in this section of the Objection. As stated above, the principal and interest due is $20,974.92 and the escrow advance on the loan is $8,971.81. The interest has been calculated properly. The

principal and interest figure from Part 3 is correct. The interest from Part 2 of the Proof of Claim is $16,127.65 and stands as correct as detailed in Section I of this Response.

### IV. VIOLATION OF THE TRUTH IN LENDING ACT (REGULATION Z)

Nationstar denies the allegations in this section of the Objection. 12 CFR §1026.36(c)(1)(i) states that "No servicer shall fail to credit a periodic payment to the consumer's loan account as of the date of receipt, **except when a delay in crediting does not result in any charge to the consumer or in the reporting of negative information to a consumer reporting agency"** (emphasis added). Additional charges were not assessed against the account as a result of the money held in suspense.

### V. ATTORNEY'S FEES AND DAMAGES

Nationstar denies the Debtor and Debtor's Attorney are entitled to fees and damages as Nationstar did not fail to comply with Fed. R. Bankr. P. 3001 as the documents required by this rule were included with the filed Proof of Claim. Furthermore, Nationstar denies the Debtor is entitled to actual and statutory damages or attorney's fees as Nationstar has not violated Regulation Z of the Truth in Lending Act.

WHEREFORE, PREMISES CONSIDERED, Nationstar prays that the Objection be overruled, and for such other and further relief to which it may be justly entitled.

Respectfully submitted,
Bonial & Associates, P.C.

 /s/LynAlise K. Tannery
Michael J. Burns / TBN 24054447
LynAlise K. Tannery / TBN 24083941
Shelly K. Terrill / TBN 00794788
Carlos R. Hernandez-Vivoni / TBN 24096186
Attorneys and Counselors
14841 Dallas Parkway, Suite 425
Dallas, Texas 75254
(972) 643-6600
(972) 643-6698 (Telecopier)
E-mail: BkcyAttorneys@BonialPC.com
Attorney for Nationstar Mortgage LLC

5559-N-1251

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing document has been served upon the following parties in interest either via pre-paid regular U.S. Mail or via electronic notification on May 29, 2018:

Debtor's Attorney
Veronica Ann Polnick
The Polnick Law Firm PLLC
2311 CANAL ST STE 326
HOUSTON, TX  77003-1568

Debtor
Rosa M. Vasquez
8515 Country Wind Ct.
Houston, TX 77040

US Trustee
Office of the US Trustee
515 Rusk Ave., Ste. 3516
Houston, Texas 77002

Chapter 13 Trustee
William E. Heitkamp
9821 Katy Freeway, Ste 590
Houston, Texas 77024

Mauna Loa Gardens I
c/o Barsalou & Associates, PLLC
4635 Southwest Freeway, Suite 580
Houston, Texas 77027


17-33190                                               /s/LynAlise K. Tannery
                                                                Michael J. Burns
                                                                LynAlise K. Tannery
                                                                Shelly K. Terrill
                                                                Carlos R. Hernandez-Vivoni